FILED
at ___ O'clock & ___ min. ___ M
DEC 1 0 2004
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina (30)

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Raymond K. Samuels and Tamara A. Samuels,<br>Debtors. | C/A No. 04-09590-W<br><br>ORDER OF PUBLIC REPRIMAND<br>OF COUNSEL<br><br>Chapter 13 |

ENTERED
DEC 1 0 2004
D.L.L.

THIS MATTER comes before the Court pursuant to a prior order of the Court entered November 19, 2004 directing John R. Cantrell, Jr. ("Mr. Cantrell"), counsel for Debtors, to appear and explain his conduct regarding communications with court staff and why he should not be held in contempt or otherwise sanctioned for his conduct pursuant to 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure 9011, 28 U.S.C. § 1927, as well as the Court's inherent authority to regulate litigants before it.

At the hearing on this matter, the law clerks for both Bankruptcy Judges of this District, the Clerk of the Bankruptcy Court, and members of the staff of two Chapter 13 Trustees, all of whom assist the Court in the administration and operation of bankruptcy cases in this District, testified with respect to Mr. Cantrell's conduct. They described Mr. Cantrell's behavior with respect to certain communications regarding Chapter 13 case administration and hearings therein as loud, abusive, rude, offensive, intimidating, condescending, and disruptive. Mr. Cantrell, as evidenced by his signature below, recognizes that his past communications with chambers' staff members, employees of the various Chapter 13 Trustee offices and with staff of the office of the Clerk of Court was loud, abusive, disruptive and unprofessional. Mr. Cantrell, also as evidenced by his signature below, is apologetic for his behavior, recognizes that this behavior is not

acceptable, and assures the Court that this behavior will not continue.

As evidenced by his signature below, Mr. Cantrell recognizes that the parties affected by his improper communications deserve a personal apology and he agrees to send letters of apology to all parties adversely affected by his behavior within seven (7) days of the date of this Order.

Additionally, Mr. Cantrell, desirous of showing the Court and all parties his intention to change his conduct and his practices, will agree to attend an additional six (6) hours of Continuing Legal Education courses directly related to Ethics or Professional Responsibility and/or six (6) hours of an appropriate form of counseling designed to address the behavior described above, to be completed within six (6) months of the date of this Order. Proof of compliance will be made by sending a copy of his Form D-2005 MCLE/LEPR Compliance Report, or equivalent certification, to this Court within six (6) months of the date of this Order.

Mr. Cantrell, additionally as evidenced by his signature below, agrees to practice before the Court during the next one (1) year on a probationary basis and will agree that if any parties feel that he has acted in a disruptive or abusive manner, including any Judge, Chapter 7 or Chapter 13 Trustee, Clerk of Court, United States Trustee or any member of their staff, as will be evidenced by an affidavit submitted to the Court from any of these parties, he will cease and agrees to be prohibited from filing any new bankruptcy cases with the United States Bankruptcy Court for the District of South Carolina for a period of at a minimum six (6) months from the date of the affidavit without further notice or hearing. Mr. Cantrell additionally recognizes that in addition to being prohibited from practicing during that time for any subsequent inappropriate acts, his actions will also be reported, without further notice or hearing, to the South Carolina Supreme Court for appropriate investigation. In the event such affidavit is submitted, the Court may also consider more significant or greater sanctions, following notice and hearing, depending

2

on the circumstances and severity of described conduct.

Based upon these assertions of Mr. Cantrell, as evidenced by his signature below, the Court agrees to give Mr. Cantrell this additional opportunity, and Mr. Cantrell agrees that, based upon his behavior and the assertions above, that his conduct warrants a public reprimand.

Therefore, with his consent, it is hereby

**ORDERED** that Mr. Cantrell is publicly reprimanded for his conduct; and it is further

**ORDERED** that within seven (7) days of the date of this Order, Mr. Cantrell will send personal letters of apology to all parties adversely affected by his behavior; and it is further

**ORDERED** that within six (6) months of the date of this Order, Mr. Cantrell must attend, in addition to his ordinary requirements of compliance with the South Carolina Bar, an additional six (6) hours of Continuing Legal Education courses directly related to Ethics or Professional Responsibility and/or six (6) hours of an appropriate form of counseling designed to address the behavior described above, to be completed within six (6) months of the date of this Order; proof of compliance will be made by sending a copy of his Form D-2005 MCLE/LEPR Compliance Report, or equivalent certification, to this Court within six (6) months of the date of this Order; and it is further

**ORDERED** that during the next one year from the date of this Order, Mr. Cantrell will practice on a probationary basis and upon the submission to the Court of an affidavit by any Judge, Chapter 7 or Chapter 13 Trustee, Clerk of Court, United States Trustee or any member of their staff that he has engaged in any abusive or inappropriate behavior, he will cease and will be expressly prohibited from filing any new bankruptcy cases with the United States Bankruptcy Court for the District of South Carolina for a period of at a minimum six (6) months from the

date of the affidavit, and his conduct will be reported to the South Carolina Supreme Court for appropriate investigation, without further notice or hearing; in the event such affidavit is submitted, the Court may also consider more significant or greater sanctions, following notice and hearing, depending on the circumstances and severity of described conduct; and it is further

**ORDERED** that the Court expressly retains jurisdiction to consider and enforce the terms of this Order in all instances, including dismissal, conversion or closure of the above-captioned case.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
December /0, 2004.

_____
UNITED STATES BANKRUPTCY JUDGE

I SO CONSENT
_____
John R. Cantrell, Jr.
Dist. Ct. ID 4951